COUNTY OF BUNCOMBE v. BEVERLY HILLS, INCORPORATED.

(Filed 14 September, 1932.)

**Taxation C d—Review and reassessment of value of property in this case held valid.**

> Where the value of lands listed by the taxpayer has been increased, and the taxpayer duly files complaint before the board of county commissioners sitting as a board of equalization and review, and the matter of reassessment is referred to the county tax supervisor who makes a reduction of the tax value, and his reassessment is approved by the county commissioners at a regular meeting a little after the date prescribed by statute for action thereon: *Held,* although the statutory procedure should be followed, the approval of the reassessment is not void in this case, the taxpayer having acted in good faith without laches, and, the county commissioners having ratified the reduced assessment, the county may not take advantage of its failure to act within the statutory time, and the taxpayer is entitled to the benefit of the reduced assessment.

APPEAL by defendant from *Sink, J.,* at March Term, 1932, of BUNCOMBE. Reversed.

*Don. C. Young and Clinton K. Hughes for plaintiff.*
*George W. Craig and Heazel, Shuford & Hartshorn for defendant.*

CLARKSON, J. This is an action brought by plaintiff against defendant to foreclose a certificate of tax sale on defendant's property for default in the payment of 1927 taxes assessed against its property.

The defendant, in answer, says: "That all of its property was listed in the name of Beverly Hills, Incorporated, and that the assessments as set forth for the lots described in said complaint are not true according to the values and exemptions as allowed this defendant, which credits and exemptions this defendant specifically pleads."

By consent the matter was referred to Alvin S. Kartus, referee, who found the facts and on the facts so found based his conclusions of law.

All the evidence is to the effect that defendant at the time provided by the statute in 1927, through its secretary and treasurer, listed its property on the basis of acreage. Subsequent thereto, but within the time prescribed by law, a new and different listing for the same year was made by the "board of list takers and assessors." The land was listed and assessed by them on the basis of a lot development, and each respective assessment placed opposite each lot listed. Defendant made application for reassessment, as required by law (see chapter 71, Act of 1927, sections 50, 71, 108, and 109). The board of county commissioners, on 11 July, 1927, met and sat as a board of equalization and review, for the purpose of equalizing tax values of property within the county. The minutes of said meeting were filed, among others, the complaint of Beverly Hills, Incorporated, against its assessment for the said year and its request for a reassessment. The said board of county commissioners, sitting as a board of equalization and review, at said meeting passed the following resolution: "On motion duly made and seconded, it was decided that the board of county commissioners should make a careful examination of the complaint so entered, in order that the true value of the said property might be determined, and that a report of same should be made at the earliest convenient date."

It is contended by defendant that thereafter the assessment was reduced to $175,000. The plaintiff contends that if this was done it was not done in strict compliance with the statute. The defendant contends that the statute under all the undisputed evidence was substantially complied with or the continuance "for careful examination" a waiver, and the amount finally assessed ($175,000) was the amount it should pay tax on, and the amount by the list takers and assessors was "excessive" and exorbitant "valuation."

After setting forth the material facts found by him, the referee set forth his conclusions of law, as follows:

"(2) That the defendant regularly and properly filed with the board of equalization and review its complaint against the said assessed valuation of its property pursuant to and in accordance with provisions of chapter 71 . . . Public Laws of 1927.

(3) That the action of the board of equalization and review, in referring said complaint to the county tax supervisor, was proper and legal; that the acts of the said tax supervisor in reviewing defendant's assessment and recommending change thereof, were proper and legal, and that when the said board of county commissioners ratified said act of the said tax supervisor in reducing said assessment to $175,000, the same became binding upon the plaintiff as if it had, itself, done these acts and the valuation thus placed upon the defendant's property became the true and proper assessed valuation of same, notwithstanding the fact that said ratification was consummated at a regular meeting of the board of county commissioners and subsequent to the first Monday in August, 1927, the time by which the board of county commissioners is directed by chapter 71, section 50, Public Laws of 1927, to conclude all its work involving tax equalization matters.

(4) The referee, therefore, concludes as a matter of law, that the true assessed valuation of the defendant's property for the year 1927 was $175,000."

The plaintiff excepted and assigned error to the material findings of fact by the referee and the conclusions of law found by him as above set forth, and appealed to the Superior Court. The court below ruled: "The conclusions of law of the referee are all approved and affirmed with the exception of the conclusions of law contained in paragraphs 3 and 4 of the conclusions of law set out in the referee's report, which paragraphs 3 and 4 of the conclusions of law are excepted to by the plaintiff, and the court overrules and rejects the conclusions of law contained in said paragraphs 3 and 4 of the referee's conclusions of law for that the court is of the opinion and so holds that what took place at the meeting of the board of county commissioners when said ratification is alleged to have been made did not constitute a ratification by the board of county commissioners as such, or as a board of equalization and review of the acts and recommendations and agreement of said tax supervisor in regard to reducing the assessed valuation of said property to $175,000."

Defendant excepted and assigned error to the ruling of the court below and appealed to the Supreme Court. All the evidence shows that the application by defendant for reduction of the tax assessment was filed according to law and the entire transactions in the matter thereafter was done in good faith, no fraud or collusion. That defendant filed its complaint as to excessive and exorbitant assessment with plaintiff at the time and in the manner and method required by law, and that through its officer and agent it followed up its complaint with due diligence. The chairman of the county commissioners gave defendant's officer and

agent every assurance that the assessment would be reduced in accordance with the tax supervisor's finding in the matter, and the evidence is uncontradicted that in a meeting of plaintiff's board the reduced assessment was agreed to and the chairman of plaintiff's board in all matters corroborated defendant's contention, and no member of plaintiff's board denied the facts as found by the referee. Although time limits in matters of this kind are fixed by statute and should usually be complied with, it cannot be taken advantage of where defendant, as in this case, has been guilty of no laches, and the plaintiff is directed to perform its duty in the time limit. Plaintiff cannot take advantage of its failure in this respect. The spirit of the act in controversy never intended, under the facts in this case, to confiscate in part defendant's property by an exorbitant and excessive tax, when it used due diligence and relied on plaintiff's chairman, whose act was afterwards ratified by plaintiff corporation. The provisions of the statute relied on by plaintiff is not like the "law of the Medes and Persians, which altereth not." The judgment of the court below is

Reversed.